LABARGA, J.,
concurring.
I wholeheartedly concur with the scholarly and well-reasoned majority opinion which, in painstaking detail, fulfills the mandate set forth by the Constitution of Florida and its new redistricting amendment. It is important to keep in mind that the majority opinion approved the House plan because it met constitutional muster. It disapproved the Senate plan, not in haphazard fashion, but after carefully examining each district and detailing the reasons for disapproving specific districts. I write primarily to respond to the dissent’s position that the thirty-day period provided for this proceeding by article III, section 16, does not afford this Court sufficient opportunity to examine the plans.
While it would have been preferable to have the luxury of more time, we were able, given advances in technology, to carefully examine both plans and make a facial determination based on this undisputed data within the time allotted by the constitution. It would be a complete and unjustified derogation of our constitutional obligation if we ignore our constitutional mandate to examine the plans to determine whether they meet constitutional muster by simply saying we do not have the time. Moreover, it is illogical to conclude that we should ignore a clear mandate now contained in the Florida Constitution to address these new provisions, especially where a different process is not available within the constitutional time frame. This reasoning renders the new constitutional amendment essentially meaningless and runs counter to the intent of article III, section 16(c), that the validity of the plans be timely determined to provide for a more orderly election process.
The dissent also states that we conduct this constitutional proceeding as an appellate court and should therefore avoid consideration of factual matters. This ignores the provision in article III, section 16(c), that requires this proceeding to be brought as an original proceeding in this Court. In this original proceeding, we have before us a plethora of census and other undisputed data upon which to evaluate the actions of the Legislature in creating these plans. Based on this data, the majority has, in a careful and considered fashion, determined that the House plan is valid and that the Senate plan suffers constitutional flaws that require us to declare it invalid. Our responsibility to the citizens to faithfully carry out our constitutional duty to the fullest extent possible— with the data and resources available to us in the proceeding dictated by the constitution — is made more pressing by the additional standards now contained in the newly enacted Fair Districts amendment. For these reasons, I write to concur.